IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODNEY JEROME WOMACK, | ) | No. C 10-1526 MMC (PR) |
| Petitioner. | ) ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | ) ) | |
| J. WALKER, Warden, | ) | **(Docket No. 2)** |
| Respondent. | ) ) | |
| _____ | ) | |

On April 9, 2010, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his current confinement based on alleged ineffective assistance of counsel that led to petitioner's pleading guilty in 2002 for failing to register as a sex offender. Petitioner seeks leave to proceed in forma pauperis.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971)

(quotation and citation omitted).  If available state remedies have not been exhausted as to all claims raised in a federal habeas corpus petition, the district court must dismiss the petition. See Rose, 455 U.S. at 510.  A dismissal solely for failure to exhaust is not a bar to a petitioner's returning to federal court after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

In the instant case, petitioner states in his petition that he is challenging his conviction for failing to register as a sex offender on the ground that counsel provided ineffective assistance by advising petitioner to plead guilty to such offense.  Other information in the petition and attachments thereto, however, shows that such claim was not exhausted in state court.  Rather, petitioner presented his claim by way of state habeas corpus only to the Alameda County Superior Court, which denied relief on March 29, 2010.  (Pet. at 4:18-25, 9:1-19 & Ex. A.)  Before petitioner may, by way of federal habeas corpus, raise a claim challenging the validity of his plea, he must present such claim in the state courts, including the Supreme Court of California.  As petitioner has not presented his ineffective assistance of counsel claim to the highest state court, he has not exhausted his state remedies.

Accordingly, the instant petition is hereby DISMISSED.  Such dismissal is without prejudice to petitioner's filing a new federal habeas petition once he has exhausted his state remedies by presenting his claims to the highest state court.

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED.

This order terminates Docket No. 2.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: April 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge

2